UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TIMOTHY L. DOUGLAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) Nos. | 1:01-cr-146-CLC-CHS-1 |
| ) | 1:16-cv-191-CLC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Presently before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 43] filed by Timothy L. Douglas ("Petitioner") seeking to challenge his classification as a career offender under the United States Sentencing Guidelines ("USSG") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, Petitioner's § 2255 motion [Doc. 43] will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**. Petitioner's motion to defer ruling pending resolution of *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017) *cert denied* 138 S. Ct. 2661 (2018) [Doc. 58] will be **DENIED as moot**.

**I.  PROCEDURAL BACKGROUND**

On November 8, 2001, Petitioner pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(d), and to brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [Doc. 18]. A presentence investigation report ("PSIR") identified at least two prior convictions of either a "crime of violence" or a "controlled substance offense" that qualified Petitioner as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines ("USSG"): one conviction for possession of cocaine for resale and two convictions for escape

[PSIR ¶¶ 26, 42, 46, 47]. On September 20, 2002, Petitioner was sentenced as a career offender to a total term of imprisonment of 224 months [Docs. 29, 34]. Petitioner's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals on November 5, 2003 [Doc. 38].

On June 7, 2016, Petitioner filed a § 2255 motion [Doc. 43] challenging his career offender classification and sentence under *Johnson*, in which the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague in violation of the Due Process Clause. 135 S. Ct. at 2563. Petitioner argues that the residual clause of § 4B1.2(a) of the USSG, identically worded to the ACCA's residual clause, likewise is void for vagueness in light of *Johnson*, and that his convictions for escape therefore no longer qualify as predicate offenses under the career offender guideline.

While Petitioner's motion was pending, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the USSG, which now are advisory, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "are not subject to a vagueness challenge under the Due Process clause" and that, as a result, the residual clause of the *advisory* USSG "is not void for vagueness." *Beckles*, 137 S. Ct. at 892. Left open by *Beckles*, however, was the issue of whether defendants sentenced to terms of imprisonment pre-*Booker*, when the USSG were binding on the federal courts, may mount vagueness challenges to their sentences. *Id.* at 903 n. 4 (J. Sotomayor, concurring).

In light of *Beckles*, Petitioner submitted a supplemental brief arguing that *Beckles* exempts only sentences under the advisory USSG from vagueness challenges, not sentences, such as his, imposed under the pre-*Booker* mandatory USSG [Doc. 48]. As a result, Petitioner maintains that the residual clause of the *mandatory* USSG is void for vagueness under *Johnson* [*Id.*] The government responded by arguing that *Johnson* invalidated only the residual clause of the ACCA

2

and that the Supreme Court has never made that reasoning applicable to the pre-*Booker* guidelines nor made that holding retroactive to mandatory guidelines cases on collateral review [Doc. 51].

Following a reply from Petitioner reiterating his position that *Johnson* applies to the mandatory USSG and should be applied retroactively, [Doc. 54], the government filed a supplemental response, [Doc. 57], asserting that Petitioner's § 2255 motion should be dismissed as untimely in light of *Raybon*, *supra*, in which the Sixth Circuit held that *Johnson* did not provide a new triggering date from which to measure the one-year limitations period for filing a § 2255 motion under § 2255(f).

## II. ANALYSIS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on direct review on November 5, 2003, and Petitioner's conviction became final when the time for filing a petition for writ of certiorari to the United States Supreme Court expired ninety days later on February 3, 2004. *See Clay v. United States*, 537 U.S. 522, 532 (2003); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004). Petitioner's § 2255 motion

was not filed until June 7, 2016, nearly twelve years later. Thus, his motion is untimely unless he satisfies one of the exceptions set forth in § 2255(f).

Petitioner contends that his motion is timely under § 2255(f)(3) because it is based on *Johnson*, which triggered a renewed one-year limitation period by recognizing a new right that applies retroactively.[1] It is settled that challenges to ACCA sentences based on *Johnson* satisfy the third sub-category of § 2255(f), *i.e.*, the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. However, *Johnson* dealt only with the residual clause of the ACCA, not with the residual clause of the USSG. *Walker v. United States*, 710 F. App'x 696, 697 (6th Cir. 2018). Thus, Petitioner's motion is untimely unless *Johnson* recognized a new right that also applies to defendants sentenced under the pre-*Booker* mandatory USSG.

This issue was decided in *Raybon*, which held that whether *Johnson* applies to the mandatory guidelines is an "open question" and therefore is not a "'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" 867 F.3d at 630 (*quoting* § 2255(f)(3)).[2] As a result, because Petitioner's

---

[1] The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation for challenges to ACCA sentences beginning on the date of that decision, June 26, 2015, and running until June 26, 2016. Petitioner's motion was filed on June 7, 2016, within that one-year period.

[2] On December 6, 2017, the Sixth Circuit denied rehearing en banc in *Raybon* and the Supreme Court denied a petition for writ of certiorari on June 18, 2018. 138 S. Ct. 2661 (2018). The Supreme Court to date has not recognized that individuals have a constitutional right not to be sentenced as career offenders under the residual clause of the pre-*Booker* mandatory USSG.

4

motion fails to satisfy the requirements of § 2255(f)(3), and his motion does not satisfy any of the other subsections of § 2255(f), it is untimely and must be denied.[3] *See Walker*, 710 F. App'x at 697; *Chubb v. United States*, 707 F. App'x. 388, 390 (6th Cir. 2018).

## III.  CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner's § 2255 motion is untimely. Accordingly, Petitioner's § 2255 motion [Doc. 43] will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. Petitioner's motion to defer ruling pending resolution of *Raybon* [Doc. 58] will be **DENIED as moot**.

**AN ORDER WILL ENTER.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Supreme Court has held that the one-year limitation period set forth in § 2255(f) is not jurisdictional, *Day v. McDonough*, 547 U.S. 198, 205 (2006), and thus may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court finds no basis for equitable tolling here.